### DE LUXE CAB CO v BRADFORD

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11490.  Decided Mar 16, 1931

McConnell, Lind, Blackmore, Cory & Griffith, Cleveland, for Cab Co.

Young, Meyers & Young, Cleveland, for Bradford.

SHERICK, PJ, LEMERT & MONTGOMERY, JJ (5th Dist) sitting

SHERICK, PJ.

In this Court it is insisted that error has intervened in the trial of this case in that the verdict is excessive. After a consideration of all the evidence introduced in this case, we are unable to find that there is any merit in this claimed error.

It is next charged that the court erred in its general charge to the jury in that the court said to the jury: "The degree of care on the part of the Taxicab Company was the highest degree of care. The degree of care on the part of the passenger was ordinary care and skill." It is claimed that this is a repetition in the charge of the degree of care imposed upon the defendant company and that the question of contibutory negligence was not an issue in this cause and that, therefore, it was improper to say to the jury that the passenger was only liable for ordinary care and skill, and that this was a comparison of the degree of care imposed upon the parties to this suit.

There can be no question that this portion of the charge as given is a correct statement of the law and we do not think that it is such a repetition as could or did in any way work to the prejudice of the defendant company, and it in no way increased the burden imposed upon the defendant company.

Coming now to the main ground of error advanced for a reversal of this cause, it appears that the plaintiff to maintain the issue on her part offered as a witness one Dr. Sellman. This witness appeared in court without subpoena and upon cross examination it was developed that the Doctor had in his office a certain card or notation pertaining to the history of the plaintiff's ailment. It must be remembered that Dr. Sellman was not the physician attending the plaintiff at the time of injury, but he seems to have been called upon some few months before the trial of this case, perhaps six to a dozen times. The physician attending the plaintiff having died before this action came on for trial.

As pereviously suggested, it was made to appear that the Doctor had some history of the plaintiff's case and that at the time the Doctor left the witness stand, it was stated by defendant's counsel that he wished to see this history and that he desired the Doctor to bring the same into court. To this the Doctor in open court made a reply that he had already wasted more time than he could spare and that he did not intend to return into court, but the defendant might have his notes pertaining to the plaintiff's case, if he so desired, and the witness left the stand and the court room.

It appears that at various times thereafter in the trial of this suit, the defendant's counsel called for a return of this witness to the stand, for the purpose of a further cross examination, and that the course of the trial was delayed, perhaps in all thirty minutes, but that the Doctor did not make a second appearance.

The defendant's counsel made a like and

futher demand before argument, and it was agreed that he might be placed upon the stand if he should return before argument was completed, and it appears that before the defense made its final argument, that it moved the court for the withdrawal of a juror and the continuance of the cause, and this motion the court overruled.

It is claimed by reason of the defendant's inability to further cross examine the plaintiff's witness, and by the court's action in its overruling of the motion as made that error intervened to the prejudice of the defendant. It will be remembered that this witness was not under subpoena and it is noted that the record is silent concerning any motion of the defense for a withdrawal of the Doctor's testimony from the jury, and it is also silent and does not disclose any request made of the court for an order of the court requiring this witness to remain in court after he had concluded his testimony.

It appears from an examination of the record that there was a substantial cross examination of this witness. He did not testify from his memorandum or any other paper, and it appears to this court that the defendant had a remedy. He could have asked the trial court to impose an order upon the witness to secure this memorandum and await the call of the court. This the Company did not do.

It also appears to us in such circumstances that under §11501 and §11503 GC the defendant could have caused to be issued a subpoena for this witness, for the purpose of further cross examination and this the defendant did not do, although ample time was available for that purpose, and we do not now recognize any failure of duty on the part of the trial court to issue a capias for this witness. Had he been under subpoena, no doubt the trial court would promptly have caused the reappearance of this witness in court. But the witness not being under subpoena and having retired, the obligation was not imposed upon the plaintiff to procure his constant attendance

It is, therefore, the judgment of this court that there is no merit in this claimed ground of error.

There being no further errors advanced as to why this judgment should be reversed and holding the views as herein previously announced, the judgment of the trial court is hereby affirmed.

LEMERT and MONTGOMERY, JJ, concur.